212 P.2d 406

CITIZENS AUTOMOBILE INTER-INSUR-
ANCE EXCHANGE v. ANDRUS.

ANDRUS v. DISTRICT COURT OF THIRD
JUDICIAL DISTRICT et al.

Nos. 7572, 7547.

Supreme Court of Idaho.

Dec. 9, 1949.

Budge & Clemons, Boise, for Citizens Automobile Interinsurance Exchange and others.

Ariel L. Crowley, Boise, for Milo D. Andrus.

PORTER, Justice.

On March 31, 1949, the appellant in case No. 7572, filed a complaint in Ada County entitled Citizens Automobile Inter-insurance Exchange, a corporation, plaintiff, v. Milo D. Andrus, doing business as Andrus Agency, defendant. By such complaint it was alleged that the defendant between the 1st day of August, 1948, and the 31st day of March, 1949, wrote policies of insurance in the plaintiff corporation and collected premiums therefor between August 1, 1948, and February 28, 1949, in the total amount of $23,551.65; and that between the 1st day of March, 1949, and the 31st day of March, 1949, the defendant wrote additional policies of insurance in the plaintiff and collected premiums therefor in the approximate sum of $6,000, the exact amount being unknown to plaintiff; that all of said premiums were collected for and should have been remitted by defendant to the plaintiff; that none of said sums has been remitted; that the defendant has and does now refuse to pay the plaintiff the amount due prior to March 1, 1949, or the amounts due subsequent thereto; and that all of said sums are due and unpaid.

On the same date, appellant filed an affidavit for attachment alleging among other things that defendant is indebted to plaintiff in the sum of $23,551.65 as of February 28, 1949, and subsequent thereto in the further approximate amount of $6,000, upon an express contract for the direct payment of money; and that the same is now due and owing. Likewise, on the same date, appellant filed an undertaking on attachment in the sum of $30,000.

On April 4, 1949, respondent filed motion to dissolve attachment. Such motion was based upon the records and files and upon the affidavit of respondent filed therewith. Such affidavit in general alleges that the affidavit for attachment fails to state the amount owing; that the time for remittance had been extended by oral agreement for 90 days from February 20, 1949; and that such affidavit for attachment was false in declaring the amounts therein stated to be owing over and above all legal counterclaims and offsets which were by appellant well known to exist.

On April 22, 1949, appellant filed a motion for leave to amend the complaint by deleting the words "a corporation" following the name of the plaintiff and for an order permitting the plaintiff to file an amended complaint, amended affidavit on attachment, amended undertaking on attachment and to amend the other files in the action accordingly. By the accompanying affidavit of Hamer H. Budge, one of the attorneys for appellant, it is made to appear that, at the time the complaint was filed, he had been informed that appellant was a corporation, when in fact, it is an unincorporated reciprocal insurance exchange. On the same date, the court entered an order permitting the amendments as prayed for in said motion. Whereupon, on the same date, appellant filed an amended complaint, amended affidavit and amended undertaking, in accordance with the court's order. By the amended complaint and amended affidavit, it was also alleged that since the filing of the original complaint, a trust account set up by the parties in the Continental State Bank of Boise, in the sum of $2,479.24, had been checked out by appellant, leaving a balance owed by respondent of $30,462.29.

On April 28, 1949, respondent moved to strike the amended complaint and also filed a general demurrer thereto. Respondent also filed a motion to dissolve the attachment accompanied by affidavit of respondent to the effect that on February 24, 1949, an oral agreement was made between the plaintiff and the defendant whereby the defendant was not required to remit for 90 days thereafter. On May 3, 1949, the motion to strike, the demurrer to the amended complaint and motion to dissolve attachment were submitted to the court and taken under advisement. On May 11, 1949, the court sustained the general demurrer to the amended complaint and granted plaintiff 10 days in which to file a second amended complaint. At the same time the court entered an order that the attachment be vacated, discharged and dissolved. No ruling was made on the motion to strike.

In the meantime, pursuant to the writ of attachment, the sheriff of Ada County had levied upon the office furniture, the automobile and bank accounts of respondent and had garnisheed a number of his debtors. His real estate was also levied upon.

On May 21, 1949, the plaintiff filed its second amended complaint to conform to the court's ruling sustaining the demurrer to the first amended complaint.

On May 20, 1949, M. D. Andrus filed an original proceeding in this court by petition for writ of review, being case No. 7547, entitled M. D. Andrus, plaintiff v. District Court et als., defendants. By such petition it is made to appear that on the 12th day of May, 1949, respondent in the above entitled action, No. 7572, filed a motion therein for an order delaying the effect of the order dissolving the attachment in such case, made by the court on May 11, 1949; and stating that the motion is made for the

purpose of resubmission of the questions involved in the motion for dissolution of attachment. And that on the same day, the District Judge, pursuant to such motion, made an order that the effective date of the order discharging attachment be delayed until further order of the court, with regard to all attached property with the exception of moneys held in banking institutions and the furniture and equipment; and further ordering that the motion for discharge of the attachment and defendant's demurrer to the amended complaint be reargued and resubmitted.

In accordance with the order of the court of May 12, 1949, all property attached was retained under the attachment except that specifically mentioned in such order.

On May 27, 1949, the defendants filed a demurrer to such petition for writ of review. On June 18, 1949, this court issued a restraining order and an order to show cause addressed to the defendants in the proceeding in this court.

Thereafter, the plaintiff in action No. 7572, having appealed to this court from the order of the District Court dissolving the attachment, filed a motion praying that the two cases be consolidated for hearing and determination in this court on the ground that they involved the same subject matter. Such motion was by this court granted.

On September 1, 1949, the respondent in case No. 7572, filed a motion to dismiss the appeal as moot on the grounds, first, that no supersedeas bond was filed to keep the attachment alive, and, second, that the motion of appellant and the order made thereon on May 12, 1949, constituted an election by appellant to seek relief in the lower court relative to the order dissolving the attachment and thereby estopped appellant from prosecuting this appeal.

Respondent's first contention is disposed of in W. G. Jenkins & Co. v. McKenzie, 39 Idaho 291, at pages 292–293, 226 P. 1069, 1070, as follows:

"C.S., § 7159, provides: 'An appeal does not continue in force an attachment unless an undertaking be executed and filed on the part of the appellant, by at least two sureties, in double the amount of the debt claimed by him; that the appellant will pay all costs and damages which the respondent may sustain by reason of the attachment, in case the order of the court below be sustained; and unless within 20 days after the entry of the order appealed from such appeal be perfected.'

"Respondent moves to dismiss the appeal, upon the ground that the supersedeas not having been filed within the 20 days from the entry of the order dissolving the attachment, the appeal from such order presents only a moot question, as a reversal of the order dissolving the attachment could not revive the same.

"C.S., § 7152, fixes the time for taking an appeal to the Supreme Court, and subdivision 2 of this section reads: ' * * * from an order dissolving or refusing to dissolve an attachment * * * within 60 days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk.'

"We are of the opinion that this provision of C.S., § 7152, intends to give an absolute right of appeal to this court from an order of the district court dissolving or refusing to dissolve an attachment, irrespective of whether the appellant gives a supersedeas as required by C.S., § 7159, and that the only purpose of this provision relating to the giving of a supersedeas is to provide the additional remedy of keeping the attachment alive, if the supersedeas is filed within the 20 days."

█ Likewise, the second ground of the motion to dismiss the appeal does not appear to be well taken. Appellant did not receive any benefits from the order dissolving the attachment or voluntarily pursue any rights thereunder from which it might be urged that he accepted such order. On the contrary, his motion of May 12, 1949, was merely an attempt to get the execution of the order dissolving the attachment stayed until his requested rehearing on the motion to dissolve could be had. The execution of the order dissolving the attachment could have been stayed by the filing of a supersedeas bond without any effect upon the right to appeal. Appellant was aggrieved by the order dissolving the attachment. Neither the court's attempt to partially stay its execution nor the order for rehearing vacated the order dissolving the attachment. The order for rehearing was not a final order and the pendency of the rehearing is no more inconsistent with the appeal than is the pendency at the same time of an appeal and motion for new trial.

█ Let us now consider the merits of the questions raised on the appeal. At the outset, respondent appears to contend that the court erred in permitting the filing of the first amended complaint, whereby the allegation as to the status of the plaintiff was changed to show that plaintiff was an unincorporated association instead of a corporation, for the reason that there was thereby substituted a new party and a new cause of action. Respondent, therefore, concludes that the original complaint was false and would not support an attachment. It does not appear that the respondent was prejudiced or surprised by the amendment and he cites no authorities in support of his position. The trial court did not abuse its discretion in permitting this amendment. Section 5-905, I.C.; Sullivan Const. Co. v. Twin Falls Amusement Co,. 44 Idaho 520, 258 P. 529; 49 C.J. 518, par. 683.

█ Apparently, the trial court ordered the attachment dissolved upon three grounds. First, that the amended complaint did not state a cause of action and

was subject to general demurrer because it assertedly did not allege that the sums claimed were due or that a demand therefor had been made, and that, therefore, the complaint was insufficient to sustain an attachment. The amended complaint is based upon a contract, express or implied, for the direct payment of money. Assuming, but not holding, that the amended complaint was deficient in the particulars mentioned, it was capable of being amended to state a cause of action. The trial court, in sustaining the demurrer, granted leave to amend. In such circumstances, the complaint was sufficient to sustain a writ of attachment. In Ross v. Gold Ridge Min. Co., 14 Idaho 687 at page 691, 95 P. 821, 823, the court said: "If the complaint fails to state a cause of action because the facts are defectively stated, and it appears from the complaint that a cause of action can be stated by amendment, under the ordinary rules governing amendments, then, on the hearing of the motion to dissolve, the amendment will be considered as having been made."

In B. J. Carney & Co. v. Murphy, 68 Idaho 376 at page 381, 195 P.2d 339, 342, this court held: "The nature of the action is to be determined upon the complaint alone. Heffron v. Thomas, 61 Mont. 10, 201 P. 572. The inquiry into its sufficiency to sustain the attachment may not go further than to ascertain whether the action is upon a contract, express or implied, for the direct payment of money;

whether it states facts sufficient to constitute a cause of action against the defendants; and, if it does not, whether it can be amended so as to state a cause of action."

■ Second, the trial court apparently held that the affidavit for attachment was defective because it did not set out that the money was due and that a demand had been made therefor. The affidavit for attachment is in the language of the statute. Section 8-502 I.C., sets out the things that must be contained in an affidavit for attachment. An affidavit has been held to be sufficient if it sets out the statutory requirements. In Ross v. Gold Ridge Min. Co., supra, this court, 14 Idaho at page 693, 95 P. at page 823, said:

"It will be seen from this language that the affidavit specifically and clearly sets forth that the defendant is indebted to Plaintiff in the sum of $1,750 over and above all legal set offs and counterclaims upon an express contract for the direct payment of money. This is sufficient, and meets every requirement of the statute. It alleges that the defendant was indebted to the plaintiff at the time the affidavit was made, and that such indebtedness is upon an express contract for the direct payment of money.

"The statute does not require, either by express terms or by implication, that the affidavit shall contain an allegation that the 'debt is due.' Where the statute provides for filing an affidavit for a writ of

attachment, and specifies what the affidavit shall contain, it is not necessary to allege any other facts than those specified in the statute. In other words, it is not necessary to allege the facts required to be stated in the complaint in order to maintain an action in the affidavit, unless the statute requires such fact to be stated. The fact that the complaint does not show the debt is due may be a ground for demurrer; but the fact that such allegation is not contained in the affidavit is not a ground for dissolving the attachment issued in said action."

■■ Third, the trial court found that the affidavit for attachment was false because it did not allow all the offsets and counterclaims to which the respondent was entitled as claimed in respondent's affidavit filed with the application to dissolve the attachment. The affidavits were in conflict. Therefore, this was a matter going to the merits of the action and was not for the decision of the court in passing upon a motion for dissolution of the attachment. The fact that the plaintiff might fail to recover for the full amount stated by him to be due in his affidavit for attachment, is not such a false statement in the affidavit as to authorize the discharge of the attachment. Finney v. Moore, 9 Idaho 284, 74 P. 866.

■ In accordance with the provisions of Section 8-502, I.C., the affidavit for attachment stated that the payment of the indebtedness "has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property." It appears from the amended affidavit that at the time the original affidavit was made, there was in existence a joint checking account of the appellant and respondent in the sum of $2,479.24 and that such joint checking account had been checked out by appellant prior to filing the amended affidavit. Respondent contends that such joint checking account constituted security and that therefore, an attachment would not lie. It will be noted that Section 8-502, I.C., does not attempt to include all security but only includes a mortgage or lien upon real or personal property or any pledge of personal property. The joint bank account does not fall within any of the enumerated classes. In 3 Cal.Jur. at page 419, it is said: 'But, to prevent the issuance of an attachment, the security must be of fixed determinate character, unconditional and capable of being enforced with certainty; and of one of the kinds specified. The law does not provide, however, that no attachment shall issue where the plaintiff has other security for the claim. It merely designates the specific kinds of security that will bar the remedy." The joint checking account was merely an offset for which the respondent was given credit in the amended complaint and amended affidavit for attachment.

■ Let us now direct our attention to the petition for writ of review filed in

this court and the order to show cause issued thereon. The only pleading by the defendants is a demurrer to the petition. We think it must be conceded that the trial court, having once issued the order dissolving the attachment, and the same having been partially carried out by release of a considerable portion of the property, was without jurisdiction to thereafter issue an order staying the effect of the original order of dissolution; and was without jurisdiction to order the motion to dissolve the attachment reargued and resubmitted. Defendants cite no authority and make no argument in defense of such procedure.

It is true that the court's action resulted in the holding without authority of a portion of the attached property. However, in view of our holding herein that it was error for the trial court to make the order discharging the attachment and that all of the property should have been held under the attachment, the later erroneous orders of the court, did not result in increased injury to petitioner. In any event, under the holding herein the question raised on the petition for writ of review is now moot.

In accordance with the foregoing views, the motion to dismiss the appeal is denied; the order dissolving the attachment is reversed and the trial court directed to reinstate the attachment; and the petition for writ of review is dismissed. Costs awarded to appellant in case No. 7572. No costs awarded in case No. 7547.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.