**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47208**

| | | |
|---|---|---|
| MEDICAL RECOVERY SERVICES, LLC, an Idaho limited liability company, | ) ) ) | Filed: June 23, 2020 |
| Plaintiff-Appellant, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | |
| SOLOMON GEPFORD, | ) ) | |
| Defendant-Respondent. | ) ) ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge; Hon. Steven A. Thomsen, Magistrate.

District court's decision affirming denial of attorney fee award on intermediate appeal, <u>affirmed</u>.

Smith, Driscoll & Associates, PLLC; Bryan N. Zollinger, and Parsons, Behle & Latimer; John E. Cutler, Idaho Falls, for appellant. John E. Cutler argued.

Snell & Wilmer, LLP; Dawn L. Davis, Las Vegas, Nevada, for respondent. Kelly H. Dove argued.

_____

BRAILSFORD, Judge

Medical Recovery Services (MRS) appeals the district court's decision on intermediate appeal affirming the magistrate court's denial of MRS's request for attorney fees. We affirm.

**I.**

**FACTS AND PROCEDURE**

This case spans four years of litigation addressing whether MRS, a debt collector, is entitled to an award of attorney fees. The case arose out of Solomon Gepford's outstanding bill for medical services from Valley View Anesthesia (VVA) in the amount of $416.00. In November 2015, Gepford received medical anesthetic services from VVA for knee surgery. After Gepford's insurance provider paid the covered portion of VVA's bill, the remaining

1

portion Gepford owed was $416.00. Gepford admits he received a bill from VVA for the remainder owing. He indicated, however, that he was heavily medicated at the time and that he believed his insurance provider had already paid the bill. As a result, Gepford did not pay the bill.

Sometime later, VVA assigned Gepford's debt to MRS for collection. MRS contends it sent Gepford written demands in an attempt to collect the debt. The magistrate court, however, found that MRS had sent these demands to an incorrect address. Gepford resided at 538 East Halliday Street in Pocatello, Idaho. Meanwhile, according to the court's findings, MRS sent its demands to 538 West Holliday Street, which is not an existing address in Pocatello.

MRS filed a complaint against Gepford in July 2016 to collect $416.00 and also $20.79 in prejudgment interest, $166.00 in costs, and $436.79 in attorney fees. According to the magistrate court's findings, Gepford did not receive any notice of VVA's outstanding bill from MRS until MRS served its summons and complaint on him. Within two weeks of receiving MRS's complaint, Gepford paid the outstanding principal balance directly to VVA. Proceeding pro se, Gepford then filed an answer to MRS's complaint.

Despite that Gepford had paid VVA, MRS filed a motion for summary judgment acknowledging Gepford had paid the debt but requesting a judgment "in the amount of $0.00." Gepford did not oppose the motion, and the magistrate court granted the unopposed motion, entering summary judgment as MRS requested for $0.00. Thereafter, MRS filed a motion for attorney fees in the amount of $1,334.50, asserting that it was a prevailing party under Rule 54(d)(1)(B) of the Idaho Rules of Civil Procedure and that it was entitled to attorney fees under both Idaho Code §§ 12-120(1) and (3). MRS also filed a motion seeking $50.60 in prejudgment interest. Gepford opposed these motions, and the court denied them. MRS filed a motion for reconsideration, which the court also denied.

MRS appealed the magistrate court's decisions to the district court. The district court held that "the record does not reflect that the trial court made the determination of whether MRS or Gepford was the prevailing party, or whether neither was a prevailing party." Accordingly, the district court remanded the case.

On remand, the magistrate court again denied MRS's request for attorney fees, costs, and prejudgment interest. The court ruled that MRS was not the prevailing party under Rule 54(d)(1)(B) because MRS recovered $0.00 against Gepford. Additionally, the court stated:

2

[MRS] and [its] attorney sent notices to an incorrect and non-existent address and [Gepford] did not receive those notices. When [Gepford] was served with the Summons and Complaint, it was at the correct address so [MRS's] attorney, with a little due diligence obviously found a correct address. . . . Given the lack of diligence in this matter prior to filing suit and the result obtained by [MRS's] attorney the Court is hard pressed to find that either party prevailed to any significant extent, and the Court declines to do so.

In its decision on remand, the magistrate court also ruled that MRS was not entitled to attorney fees under either I.C. §§ 12-120(1) or (3). Regarding I.C. § 12-120(1), the court ruled that MRS failed to provide Gepford the required prelawsuit written demand for the claim's payment. Regarding I.C. § 12-120(3), the court ruled that VVA's medical care services were not "a commercial transaction" but rather "medical treatment provided by a physician to a patient [which] could not be for anything other than a personal purpose." Finally, the court denied MRS's request for prejudgment interest.

MRS filed a motion for reconsideration of this decision and, for the first time, submitted to the magistrate court MRS's alleged written demands, which it purportedly sent to Gepford before suing him. The demands, however, do not identify Gepford as the debtor; one identifies an incorrect medical care provider; the remaining demands do not identify any medical care provider; and they are all redacted (either by blacking or whiting out) account specific information such as the date the notice was sent, the client name, the account number, and the balance owing. Ruling on MRS's motion for reconsideration, the court granted MRS prejudgment interest in the amount of $25.26 but denied the remainder of the motion. In doing so, the court implicitly rejected MRS's newly submitted written demands as adequate to satisfy I.C. § 12-120(1).

MRS again appealed to the district court. The district court ruled that the magistrate court did not abuse its discretion by concluding MRS was not a prevailing party and also did not err by ruling MRS was not entitled to attorney fees under I.C. § 12-120(3). The district court, however, did not address MRS's argument that it was entitled to attorney fees under I.C. § 12-120(1). MRS timely appeals the district court's ruling that MRS was not a prevailing party and that it is not entitled to attorney fees under I.C. § 12-120(3).

3

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Court reviews the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are supported and the conclusions follow therefrom and if the district court affirmed the magistrate court's decision, then we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate court. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

## III.

## ANALYSIS

### A.    Prevailing Party

For an award of attorney fees under I.C. § 12-120(3), MRS must be the prevailing party as defined by Rule 54(d)(1)(B). *See* I.R.C.P. 54(e) (providing court may award attorney fees in civil action if party is prevailing party as defined by Rule 54(d)(1)(B) and if statute or contract provides for award of attorney fees). MRS challenges the magistrate court's ruling that MRS is not the prevailing party under Rule 54(d)(1)(B). In support of this challenge, MRS argues in its opening brief that it was the prevailing party because Gepford paid VVA $416.00 after MRS filed its complaint against him and also that substantial and competent evidence does not support the magistrate court's findings. We decline to address the merits of these arguments, however, because both fail for numerous procedural reasons.

#### 1.    Magistrate court's findings

In its opening brief, MRS argues generally that the magistrate court's findings are not supported by substantial and competent evidence. MRS, however, failed to preserve this issue on appeal for three, independent reasons. First, MRS did not raise the issue of whether substantial and competent evidence supported the magistrate court's findings in its appeal to the district court. For this reason, MRS failed to preserve the issue for this appeal. Where a party

4

appeals the decision of an intermediate appellate court, the appellant may not raise issues in this Court that are different from those presented to the intermediate court. *Wood v. Wood*, 124 Idaho 12, 16-17, 855 P.2d 473, 477-78 (Ct. App. 1993).

Second, MRS does not identify in its opening brief in this appeal any specific finding it contends is erroneous. Rather, it only asserts in a conclusory fashion that the findings are not supported by substantial and competent evidence. This general challenge to the magistrate court's findings is inadequate to preserve the issue for appeal. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (ruling general attack on the court's findings without specific reference to challenged evidentiary error is insufficient to preserve issue). Although on reply MRS does specifically challenge the finding that MRS lacked diligence before filing its lawsuit against Gepford, this belated identification of a purportedly erroneous factual finding is inadequate to preserve the issue for appeal. "[T]his Court will not consider arguments raised for the first time in an appellant's reply brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004).

Finally, even if MRS had not otherwise waived its challenge to the finding that it lacked diligence, that finding relates to MRS's failure to locate Gepford's correct address for purposes of providing him notice of the debt, which in turn relates to the requirement in I.C. § 12-120(1) that a plaintiff must make a "written demand for the payment . . . not less than ten (10) days before the commencement of the action" for an award of attorney fees. Whether MRS is entitled to an award of attorney fees under I.C. § 12-120(1) is not at issue in this appeal, however. Although MRS originally asserted entitlement to attorney fees under I.C. § 12-120(1) in its opening brief, MRS expressly waived the issue on reply stating it "did not intend to pursue on appeal entitlement to attorney fees under [I.C.] § 12-120(1) but inadvertently included that issue on appeal." Accordingly, whether MRS lacked diligence in locating Gepford's correct address for purposes of providing him with a prelawsuit written demand for payment under I.C. § 12-120(1) is not at issue on appeal.

For these reasons, we decline to consider MRS's argument that the magistrate court's findings were not supported by substantial and competent evidence.

### 2. MRS's recovery against Gepford

Likewise, MRS's argument that it was the prevailing party under Rule 54(d)(1)(B) because Gepford paid VVA $416.00 also fails procedurally for three, independent reasons. First,

MRS has taken a legal position in this Court which is the exact opposite of the legal position it asserted in the district court. In this appeal, MRS asserts it achieved the most favorable outcome possible when Gepford paid VVA, and as a result, it is the prevailing party. Specifically, MRS claims that "[w]hen [VVA] gets paid 100% of the money Gepford owed, [MRS] prevails" and that "there is no difference between paying the debt collector and paying the medical provider."

MRS, however, made the exact opposite argument on intermediate appeal to the district court. In that appeal, MRS argued that "Gepford's payment to VVA of $416.00 . . . is *no payment to MRS as a matter of law*"; "Gepford could *not* 'discharge its [sic] obligation' by paying anyone other than MRS"; and "any payment [Gepford] made to [VVA] after he had notice that the assignor had assigned its claims to MRS and that MRS expected payment is *not a payment to MRS as a matter of law*." (Emphasis added.) Further, MRS argued on intermediate appeal that the magistrate court erred by "not awarding MRS a money judgment for $416.00," despite that fact that MRS specifically requested judgment in the amount of $0.00.

The doctrine of judicial estoppel precludes MRS from asserting a position in this Court that is incompatible with a position it asserted in the district court. "Judicial estoppel precludes a party from advantageously taking one position, then subsequently seeking a second position that is incompatible with the first." *McCallister v. Dixon*, 154 Idaho 891, 894, 303 P.3d 578, 581 (2013). "The policy behind judicial estoppel is to protect the integrity of the judicial system, by protecting the orderly administration of justice and having regard for the dignity of the judicial proceeding." *Id.* (internal quotation marks omitted). The doctrine "is intended to prevent parties from playing fast and loose with the legal system." *Id.* Because the doctrine protects the integrity of the judicial system and not the litigants, its application does not require a showing of individual prejudice. *Id.*

Having already argued on intermediate appeal that Gepford's payment to VVA is *not* payment to MRS and does *not* discharge the debt to MRS as a matter of law, judicial estoppel precludes MRS from taking an incompatible position before this Court that, because Gepford paid VVA, MRS is a prevailing party under Rule 54(d)(1)(B). We decline to ignore that MRS has adopted a legal argument for purposes of this appeal which directly contradicts its argument in the district court.

Second, MRS failed to cite any binding authority in its opening brief to support its legal assertion that when Gepford pays VVA, MRS prevails and that "there is no difference between

6

paying the debt collector and paying the medical provider." For the first time on reply, MRS cites *Medical Recovery Servs., LLC v. Strawn*, 156 Idaho 153, 321 P.3d 703 (2014); *Purco Fleet Servs., Inc. v. Idaho State Dep't of Finance*, 140 Idaho 121, 90 P.3d 346 (2004); and generally the Idaho Collection Agency Act, I.C. §§ 26-2221-2251. MRS, however, was required to identify these legal authorities in its opening brief. "In order to be considered by this Court, the appellant is required to identify legal issues and provide authorities supporting the arguments in the opening brief." *Myers*, 140 Idaho at 508, 95 P.3d at 990.

Third, even assuming MRS was not judicially estopped from arguing Gepford's payment to VVA is the same as if Gepford paid MRS, resolution of this argument turns on the nature of the assignment between MRS and VVA and whether that assignment is a complete assignment of VVA's claim against Gepford versus a limited assignment only for the purpose of collecting the debt on VVA's behalf. *See Purco*, 140 Idaho at 126, 90 P.3d at 351 (discussing distinction between complete and limited assignment for collection purposes); 6 AM. JUR. 2D *Assignments* §§ 79, 122 (same).

Determining whether the parties' assignment is complete or limited depends on the terms of the parties' contractual relationship. This Court looks to the contract between the assignor and the assignee to determine the intent of the assignment. *Purco*, 140 Idaho at 126, 90 P.3d at 351. The assignment between MRS and VVA, however, is not in the record. Therefore, even if MRS had not otherwise failed to preserve the issue of whether payment to VVA is the same as payment to MRS for purposes of determining the prevailing party under Rule 54(d)(1)(B), we will not presume error when the record is silent. *See Gibson v. Ada Cty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003) ("We will not presume error from a silent record or from the lack of a record.") (internal quotation marks omitted).

For these reasons, we decline to address MRS's legal assertion that Gepford's payment to VVA was the same as a payment to MRS for purposes of concluding it is a prevailing party under Rule 54(d)(1)(B). Because MRS is not a prevailing party, we do not address whether MRS is entitled to attorney fees under I.C. § 12-120(3), which only provides for an award of attorney fees for the prevailing party. *See Howard v. Perry*, 141 Idaho 139, 143, 106 P.3d 465, 469 (2005) (declining to address fees under I.C. § 12-120(3) where party seeking fees is not prevailing party).

**B.** **Attorney Fees and Costs on Appeal**

On appeal, Gepford is the prevailing party and requests an award under I.C. § 12-120(1). The Idaho Supreme Court has held that, when the requirements of I.C. § 12-120(1) are satisfied, that provision mandates an award of attorney fees to the prevailing party on appeal. *Medical Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*, 157 Idaho 395, 401-02, 336 P.3d 802, 808-09 (2014). In addition to being the prevailing party, one requirement for an award of attorney fees under I.C. § 12-120(1) is the complaint must have alleged the amount at issue is $35,000 or less. Another requirement is the plaintiff must have provided the defendant with a written demand for payment of the claim not less than ten days before the plaintiff commenced its action. I.C. § 12-120(1). This latter requirement, however, is inapplicable where the prevailing party is the defendant, as in this case. *See Medical Recovery Servs.*, 157 Idaho at 402, 336 P.3d at 809 (noting notice requirement of I.C. § 12-120(1) not an issue where prevailing party is defendant). Because Gepford is the prevailing party on appeal and because MRS's complaint alleges an amount at issue less than $35,000, Gepford is entitled to an award of attorney fees under I.C. § 12-120(1) and to costs under Rule 40 of the Idaho Appellate Rules.

**IV.**

**CONCLUSION**

We affirm the district court's decision on intermediate appeal that MRS is not a prevailing party under Rule 54(d)(1)(B), and we award Gepford attorney fees under I.C. § 12-120(1) and costs under I.A.R. 40.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.