50 P.3d 983

Kelly A. McANALLY, Kenneth F. Mc Anally, husband and wife, Individually and as Guardians Ad Litem for Kenneth V. McAnally and Carlin L. McAnally, minors, Plaintiffs–Appellants,

v.

BONJAC, INC., a Washington corporation, Defendant–Respondent.

No. 26688.

Supreme Court of Idaho, Boise, April 2002 Term.

July 2, 2002.

Schroeter Goldmark & Bender, Seattle; Kenneth B. Howard, Jr., Coeur d'Alene, for appellants. Corrie J. Yackulic argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for respondent. Peter C. Erbland argued.

KIDWELL, Justice.

Kelly McAnally sustained injuries from exposure to smoke from field burning allegedly done by Bonjac, Inc. in 1995. Kelly McAnally is an Idaho resident; Bonjac, Inc. is a Washington farming corporation. The McAnallys filed a tort lawsuit in Idaho. The district court dismissed the case on summary judgment, holding that Idaho lacked personal jurisdiction over Bonjac, Inc. The McAnallys appeal. We reverse and remand.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On September 18, 1995, Kelly McAnally (McAnally) was at home in Coeur d'Alene, preparing to go to work at Kootenai Medical Center (KMC), where she is a registered nurse in the Intensive Care Unit. She began having difficulty breathing from a great deal of smoke that was in the air from grass-field burning in Idaho and Washington. It was so smoky outside that McAnally stated she had to use her headlights to get to work. McAnally "suffered a near respiratory collapse" when she arrived at KMC and was admitted to the emergency room. She remained in the hospital for several days. McAnally continues to have respiratory problems and has been hospitalized several times since September 18, 1995. Her physicians attribute her respiratory difficulties to the smoke inhaled on that day.

On September 17, 1997, McAnally and her husband sued twenty-one Idaho and Washington farmers who had burned fields on September 18, 1995, as well as the Intermountain Grass Growers' Association (IGGA), an organization that advises farmers on the times when field burning is permissible.[1] Bonjac, Inc. (Bonjac), a Washington

---

1. In 1995, the Washington legislature took away the Spokane County Air Pollution Control Agen-

farming corporation, was named as a defendant because McAnally believed its grass-burning activities had contributed to her injuries.

Bonjac is owned by Van Jacobson (Jacobson) and his wife. Although Bonjac no longer engaged in farming at the time of the alleged tort, Jacobson still obtained permits from the Spokane County Air Pollution Control Agency (SCAPCA) for lands owned by Jacobson's mother, Marie Jacobson (Marie). Marie's land was leased to neighbor Kevin Kaelin (Kaelin). Jacobson gave conflicting testimony regarding the amount of acreage he burned on September 18, 1995.

On September 18, 1995, the IGGA first advised farmers that burning could take place from 1:30 p.m. to 3:30 p.m. However, it later changed its advisory to end burning at 2:30 p.m. because the weather had changed. Jacobson said that he relied on Kaelin to tell him when burning could take place. He also stated that he completed the burning by the 2:30 p.m. deadline, although he did not know about the deadline that day because he did not listen to the IGGA announcement.

Following initial discovery, some parties were dismissed voluntarily, and the remaining Washington defendants, with the exception of Bonjac, eventually settled. On May 18, 2000, Bonjac moved for summary judgment, alleging, *inter alia*, a lack of personal jurisdiction; absence of negligence, trespass, nuisance, intentional and negligent infliction of emotional distress as a matter of law; and preclusion of nuisance claims by the Idaho Right to Farm Act. On July 10, 2000, the district court filed an order granting Bonjac's motion for summary judgment, finding that Idaho could not exercise personal jurisdiction over Bonjac. The court certified the order as a final judgment pursuant to I.R.C.P. 54(b). On July 12, 2000, the McAnallys filed this timely appeal.

## II.

### STANDARD OF REVIEW

▉ Summary judgment is proper "if the pleadings, depositions, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "When reviewing an appeal from a grant of summary judgment, this Court employs the same standard used by the district court originally ruling on the motion." *Northwest Bec–Corp v. Home Living Serv.*, 136 Idaho 835, 838, 41 P.3d 263, 266 (2002) (citing *S. Griffin Constr., Inc. v. City of Lewiston*, 135 Idaho 181, 185, 16 P.3d 278, 282 (2000)). On appeal, this Court determines whether any genuine issues of material fact exist, and whether the moving party is entitled to summary judgment as a matter of law. *Id.* (citing *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 400–01, 987 P.2d 300, 312–13 (1999)). "In a motion for summary judgment, this Court should liberally construe all facts in favor of the nonmoving party and draw all reasonable inferences from the facts in favor of the nonmoving party." *Id.* (citation omitted). "Summary judgment must be denied if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented." *Id.* (citing *Orthman v. Idaho Power Co.*, 130 Idaho 597, 600, 944 P.2d 1360, 1363 (1997)).

## III.

### ANALYSIS

#### A. The District Court Erred In Determining That Idaho Lacked Personal Jurisdiction Over Bonjac.

Bonjac contends that the district court correctly ruled that it did not have personal jurisdiction over the respondent. Bonjac states that to exercise jurisdiction, an Idaho court would need to demonstrate that the act giving rise to the cause of action falls under Idaho's long arm statute, and that the constitutional standards of due process would be met. Bonjac asserts that in this case, an Idaho court cannot demonstrate that it should exercise jurisdiction.

cy's authority to limit the number of agricultural burn days. The IGGA then undertook to administer a burn season from August 15 through September 30 of that year.

Bonjac first asserts that I.C. § 5–514, Idaho's long arm statute, does not support Idaho jurisdiction over Bonjac. Bonjac claims that only one of the possible situations outlined in I.C. § 5–514 could potentially apply. Idaho Code section 5–514(b) provides for personal jurisdiction over a non-resident defendant when a tort is committed within the state. Bonjac states that to establish a tort, McAnally needed to prove the existence of an actionable wrong and damages. Bonjac then argues that unlike in the "stream of commerce" cases, the foreign device or mechanism in this case cannot be identified as causing McAnally's injury. Bonjac argues that the expert testimony relied upon by McAnally was speculative and does not constitute more than a mere scintilla of evidence. Bonjac claims that this Court should deny jurisdiction because McAnally failed to prove that Bonjac's actions were the proximate cause of her injuries.

Bonjac further asserts that even if Idaho could exercise personal jurisdiction over it, there are not "sufficient minimum contacts," with Idaho. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). Bonjac states that in *Smalley v. Kaiser,* 130 Idaho 909, 950 P.2d 1248 (1997), this Court set forth a two-part due process analysis. First, the court decides whether minimum contacts with the forum state exist. *Id.* Second, it considers those contacts in light of additional factors that assure that the "traditional notions of fair play and substantial justice" are not offended. *Id.* Bonjac cites *Houghland Farms, Inc. v. Johnson,* 119 Idaho 72, 803 P.2d 978 (1990), for examples of minimum contacts including that the defendant must "purposefully avail" himself of doing business in the forum state; the litigation must "arise out of or relate to the contacts;" and those contacts must be sufficient such that the defendant could "reasonably anticipate" being haled into court in the forum state. Bonjac insists that McAnally has failed to show that Bonjac has extensive, continuing, and recurring contacts with Idaho. Bonjac says that its sporadic agricultural and logging contacts with Idaho such as purchasing seed, farming equipment, logs, or logging equipment, ended in 1993.

Bonjac argues that in this case, the due process inquiry regarding notions of fair play and substantial justice does not favor the exercise of long arm jurisdiction because the factors to be considered reason against it. Bonjac notes that it is a Washington farmer, subject to that state's jurisdiction, regulatory agencies, and standards. Bonjac claims that Idaho has no interest in the agricultural activities in another state. Bonjac argues that agricultural burning in Washington does not constitute purposeful availment of the privilege of the laws of Idaho. Thus, there are no requisite "minimum contacts."

The question of the existence of personal jurisdiction over an out-of-state defendant is one of law, which this Court reviews freely. *Beco Corp. v. Roberts and Sons Constr. Co., Inc.,* 114 Idaho 704, 706, 760 P.2d 1120, 1122 (1988). For an Idaho court to exercise personal jurisdiction over an out-of-state defendant, "two criteria must be met; the act giving rise to the cause of action must fall within the scope of our long-arm statute and the constitutional standards of due process must be met." *St. Alphonsus Reg'l Med. Ctr. v. State of Washington,* 123 Idaho 739, 742, 852 P.2d 491, 494 (1993) (citations omitted).

The commission of a tort within the state is considered sufficient contact "to invoke the tortious act language of I.C. § 5–514(b)." *St. Alphonsus,* 123 Idaho at 743, 852 P.2d at 495 (citations omitted). "This section is designed to provide a forum for Idaho residents, is remedial legislation of the most fundamental nature and should be liberally construed." *Id.* (citation omitted). Taking into account the purpose of the long-arm statute and reviewing the record in the light most favorable to the McAnallys, we find that personal jurisdiction pursuant to I.C. § 5–514(b) exists.

## IV.

## CONCLUSION

This Court reverses the grant of summary judgment and remands this case to the district court for consideration based on this Court's finding that Idaho courts have per-

sonal jurisdiction over Bonjac. The district court did not address any of the McAnallys' substantive claims, and it should do that on remand. Costs to appellants.

Justices SCHROEDER, WALTERS and EISMANN CONCUR. Chief Justice TROUT heard oral argument, but did not participate in the final decision.