124 P.3d 1024

Steven L. KNUTSEN and Cheri L. Knutsen, husband and wife; Steven L. Knutsen Ira Custodial Account at Charles Schwab; and Cheri L. Knutsen Ira Custodial Account at Charles Schwab, Plaintiffs–Respondents,

v.

Thomas G. CLOUD, Sr., an individual; Thomas G. Cloud Jr., an individual; and Phillip Mark Vaughn, Terry Stewart and Phillip Greer, individually and dba Banyan International, Ltd.; Howard T. Prince, III, an individual, Defendants,

and

Timothy B. Burnham, an individual, Defendant–Appellant.

No. 30772.

Supreme Court of Idaho, Boise, November 2005 Term.

Nov. 23, 2005.

Timothy B. Burnham, Pollock, LA., pro se appellant.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondents.

BURDICK, Justice.

This case involves the assertion of specific, *in personam* jurisdiction over an out-of-state defendant who was involved in an alleged Ponzi scheme that defrauded Idaho residents. Appellant, Timothy B. Burnham (Burnham), a Louisiana resident, contends that he does not have sufficient contacts with Idaho in order for the district court to exercise personal jurisdiction over him. This case is before the Supreme Court on Burnham's appeal from a district court decision denying his motion to dismiss for lack of personal jurisdiction, as well as from the judgment entered against him and the district court's decision denying his motion for a fee waiver. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondents, Steven L. and Cheri L. Knutsen (the Knutsens), invested over three quarters of a million dollars with an investment company, Banyan, International (Banyan). Banyan ran an alleged Ponzi scheme that marketed notes receivable to various individuals around the country.[1] Banyan targeted investors based on their Christian beliefs and claimed that a portion of its profits went to aid missionary efforts.

Burnham worked for Banyan as one of four sales and marketing representatives. He received a commission from his sales, but did not receive a commission based on other employees' sales. Two other individuals

---

1. "A Ponzi scheme is 'an investment swindle in which some early investors are paid off with money put up by later ones in order to encourage more and bigger risks.'" *Ex parte Fidelity Bank,* 893 So.2d 1116, 1119 n. 2 (Ala.2004) (quoting *Merriam–Webster's Collegiate Dictionary* 964 (11th ed.2003)).

working for Banyan facilitated the Knutsens' investments in the alleged Ponzi scheme by rolling over IRA accounts. However, Burnham personally had no contacts with the Knutsens during this time. His only contacts with Idaho prior to the Knutsens filing suit were unrelated to the instant action; he registered for and then canceled a cruise and obtained and renewed a journal subscription.

Shortly after the Knutsens finalized their investment with Banyan the United States government closed Banyan and froze its assets. After Banyan's alleged Ponzi scheme fell apart Burnham pled guilty to federal conspiracy charges in the United States District Court for the District of North Carolina. He is currently incarcerated at a Federal Prison Camp in Pollack, Louisiana.

After losing their investment, the Knutsens sought damages from various individuals involved in the scheme. The Knutsens filed a complaint and an amended complaint that alleged five different causes of action against Burnham: negligence, breach of fiduciary duty, misrepresentation, professional malpractice, and fraud. Burnham moved to dismiss the complaint for lack of personal jurisdiction, which the district court denied. The case then went to trial, but when Burnham failed to appear for the eight-day trial the district court granted the Knutsen's motion for a directed verdict. The jury then returned a special verdict, finding that Burnham had acted in concert with various other individuals involved in the Banyan investment scheme. After the trial, the district court entered judgment against Burnham. Burnham then filed a timely appeal, and a motion for a fee waiver. The district court denied his motion for a fee waiver.

## II. STANDARD OF REVIEW

■ "The question of the existence of personal jurisdiction over an out-of-state defendant is one of law, which this Court reviews freely." *McAnally v. Bonjac, Inc.*, 137 Idaho 488, 491, 50 P.3d 983, 986 (2002). When reviewing a motion to dismiss based on lack of personal jurisdiction, this Court applies the same standard as when we review appeals from orders of summary judgment; we construe the evidence presented to the

district court in favor of the party opposing the order and accord that party the benefit of all inferences which might be reasonably drawn. *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 74–75, 803 P.2d 978, 980–81 (1990) (citing *Intermountain Bus. Forms, Inc. v. Shepard Bus. Forms Co.*, 96 Idaho 538, 540, 531 P.2d 1183, 1185 (1975)). Thus in reviewing the district court's denial of Burnham's motion to dismiss we construe the evidence in favor of the Knutsens.

## III. ANALYSIS

Burnham argues that he personally did nothing in Idaho which would come under the purview of the long-arm statute and that the other defendants cannot be considered his agents in order to find that Idaho has personal jurisdiction. The Knutsens concede that Burnham's contacts with Idaho are not sufficient to give rise to personal jurisdiction under our long-arm statute, but argue that other defendants can be considered Burnham's agents for purposes of asserting jurisdiction. Therefore, they contend, the district court correctly exercised personal jurisdiction over Burnham.

■ Courts can properly exercise jurisdiction over an individual not subject to general jurisdiction only where there is a legal basis for the assertion of extraterritorial jurisdiction. *Mann v. Coonrod*, 125 Idaho 357, 359, 870 P.2d 1316, 1318 (1994). "For an Idaho court to exercise personal jurisdiction over an out-of-state defendant, 'two criteria must be met; the act giving rise to the cause of action must fall within the scope of our long-arm statute and the constitutional standards of due process must be met.'" *McAnally*, 137 Idaho at 491, 50 P.3d at 986 (quoting *St. Alphonsus Regl. Med. Ctr. v. Wash.*, 123 Idaho 739, 742, 852 P.2d 491, 494 (1993)).

■ Idaho Code § 5–514, known as the long-arm statute, provides the legal basis for exercising extraterritorial jurisdiction, *St. Alphonsus*, 123 Idaho at 743, 852 P.2d at 495, and enumerates the acts which subject a person to the jurisdiction of Idaho. It provides, in pertinent part:

Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a) The transaction of any business within this state . . .

(b) The commission of a tortious act within this state . . .

I.C. § 5–514(a), (b). "The long-arm statute should be liberally construed." *Purco Fleet Servs., Inc., v. Dept. of Fin.,* 140 Idaho 121, 123, 90 P.3d 346, 348 (2004) (citing *McAnally,* 137 Idaho at 491, 50 P.3d at 986). Moreover, Idaho's long-arm statute is co-extensive with all of the jurisdiction available to this state under the due process clause of the United States Constitution. *Houghland Farms, Inc.,* 119 Idaho at 75, 803 P.2d at 981. However, "[t]he exercise of personal jurisdiction by the courts of this state over those who do any of the acts enumerated in I.C. § 5–514 extends only 'as to any cause of action arising from the doing of any of said acts.'" *Id.*

 In this instance, the lower court incorrectly denied Burnham's motion to dismiss. The district court found that it could exercise personal jurisdiction over Burnham because a jury could determine that as an agent of the investment company, Banyan, Burnham was subject to the personal jurisdiction of the court. However, this is insufficient to find jurisdiction over Burnham under the long-arm statute. Here, other individuals acting as agents of Banyan contacted the Knutsens in Idaho and facilitated their investment with Banyan. Nonetheless, it is immaterial that Burnham is also Banyan's agent since the long-arm statute requires an action by Burnham or his agent in order to establish jurisdiction over him. *See* I.C. § 5–514; *see also State, Dep't of Fin. v. Tenney,* 124 Idaho 243, 247, 858 P.2d 782, 786 (Ct. App.1993). The plain language of our long-arm statute does not permit a court to exercise personal jurisdiction over the agent of a company who lacks sufficient contacts with Idaho, even if the principal is subject to jurisdiction through the actions of its other agents. Our long-arm statute works only in the reverse, allowing a court to exercise personal jurisdiction over a principal when its agent has sufficient contacts with Idaho.

 Additionally, there are insufficient facts in the record to find that any of the persons or businesses who committed a tortious act or conducted business in Idaho was Burnham's agent, thus providing the legal basis for jurisdiction under the long-arm statute. Although the Knutsens strenuously asserted both below and on appeal that various other defendants were Burnham's agents, no facts in the record support this conclusion. Likewise, there was no jury finding that Burnham was a principal for anyone, only that he and others were "acting in concert." While very similar, acting in concert is not the same as agency under Idaho law. The key difference between the two is that an agent is subject to the principal's control, while persons acting in concert are not necessarily subject to another's control. Idaho Code § 6–803(5) defines acting in concert as: "pursuing a common plan or design which results in the commission of an intentional or reckless tortious act." However, an agent is a person authorized to act for or in the place of the principal. *Landvik by Landvik v. Herbert,* 130 Idaho 54, 58, 936 P.2d 697, 701 (Ct.App.1997) (citing *Bailey v. Ness,* 109 Idaho 495, 497, 708 P.2d 900, 902 (1985); *Clark v. Gneiting,* 95 Idaho 10, 11–12, 501 P.2d 278, 279–80 (1972)); IDJI 6.40.1. Since there are no facts in the record that indicate that anyone acting in Idaho was Burnham's agent, this Court reverses the district court's finding of personal jurisdiction.

Since we reverse the district court on the issue of personal jurisdiction, we need not reach the remaining issues.

### III. CONCLUSION

The Court reverses the district court as to the issue of personal jurisdiction because there are no facts in the record which dem-

onstrate sufficient minimum contacts with Idaho by anyone acting as Burnham's agent.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.

