# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 41605

BILL GAILEY,

    **Plaintiff-Appellant,**

v.

KIM WHITING,

    **Defendant-Respondent.**

)
)
)
)
)
)
)
)
)
)
)
)
.

**Boise, November 2014 Term**

**2014 Opinion No. 140**

**Filed:  December 18, 2014**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

District court decision dismissing professional negligence claim, <u>affirmed.</u>

Martelle, Bratton & Associates, Boise, for appellant.

Merris & Naugle, PLLC, Boise for respondent.

_____

## ON THE BRIEFS

BURDICK, Chief Justice

This case arose out of a professional negligence claim relating to a life insurance policy. Bill Gailey purchased the life insurance policy from Kim Whiting on May 2, 1994, in Boise, Idaho. In August of 2011, Gailey cashed in the life insurance policy after receiving advice from Whiting to that end. Gailey suffered negative tax consequences from cashing in the policy and subsequently filed a complaint against Whiting in Ada County district court. Gailey alleged Whiting was negligent when he advised Gailey to cash in his policy without warning him of the potential tax consequences. Whiting subsequently moved the court to dismiss the action for lack of personal jurisdiction because Whiting no longer lived in Idaho, Gailey was a resident of Oregon, and the alleged tort did not occur in Idaho. The district court granted Whiting's motion and Gailey appealed to this Court. We affirm.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 1994, Gailey, a resident of Pendleton, Oregon, traveled to Boise, Idaho, to purchase a life insurance policy from Whiting. At that time, Whiting was an Idaho resident selling insurance for Western Reserve Life Insurance. From May 2, 1999, to September 9, 2011, Gailey received semi-annual statements from Western Reserve Life Insurance listing Whiting as its registered representative with an address in Eagle, Idaho.

In May of 2011, Whiting moved to Hawaii and became a resident and citizen of that state. Whiting surrendered his Idaho insurance agent's license on June 11, 2011, and subsequently converted his Hawaii insurance agent's license from non-resident to resident status.

After April of 2008, the parties had no contact for approximately three years. Then, in August of 2011, Gailey contacted Whiting for advice concerning his policy. Gailey contacted Whiting by dialing a phone number with a two-zero-eight area code and believed he was speaking with an insurance agent residing in Idaho. However, Whiting was not physically present in Idaho in August of 2011. Gailey alleges Whiting did not inform him that Whiting had moved to Hawaii or that he terminated his Idaho insurance license.

During their August 2011 conversation, Whiting advised Gailey that the only course of action available to him was to surrender his policy and cash out the remainder of its cash value. Gailey took the advice and submitted a Cash Surrender Request later that month. However, when Gailey filed his taxes the following year, he learned that surrendering his life insurance policy created a significant taxable gain.

Consequently, Gailey filed a complaint in the Ada County district court on March 21, 2013. In his complaint, Gailey alleged Whiting was negligent in advising him to surrender his policy without informing him of any reasonable alternatives to avoid taxable gain. Gailey alleged jurisdiction was proper under two prongs of Idaho's long arm statute: the transacting business prong and the tort prong.

On April 17, 2013, Whiting filed a Special Appearance with the district court to contest personal jurisdiction in accordance with I.R.C.P. 4(i). Whiting then filed a motion to dismiss for lack of personal jurisdiction. On September 6, 2013, after the parties filed a series of briefs and affidavits on the matter, the court held a hearing in which both parties appeared and presented oral arguments.

On October 7, 2013, the court entered its Order Granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, holding that it could not exercise personal jurisdiction over Whiting under Idaho's long-arm statute or under the Due Process Clause of the Fourteenth Amendment. Gailey timely appealed.

## II.    STANDARD OF REVIEW

"The question of the existence of personal jurisdiction over an out-of-state defendant is one of law, which this Court reviews freely." *McAnally v. Bonjac, Inc.*, 137 Idaho 488, 491, 50 P.3d 983, 986 (2002). When reviewing a motion to dismiss based on lack of personal jurisdiction, this Court applies the same standard as when reviewing appeals from summary judgment orders: "we construe the evidence presented to the district court in favor of the party opposing the order and accord that party the benefit of all inferences which might be reasonably drawn." *Knutsen v. Cloud*, 142 Idaho 148, 150, 124 P.3d 1024, 1026 (2005). Accordingly, in reviewing the district court's grant of Whiting's motion to dismiss, we construe the evidence in Gailey's favor.

## III.    ANALYSIS

There are two requirements for an Idaho court to properly exercise jurisdiction over an out-of-state defendant: (1) the act giving rise to the cause of action must fall within the scope of Idaho's long-arm statute, Idaho Code section 5-514; and (2) jurisdiction must not violate the out-of-state defendant's due process rights. *Id.*

### A. Idaho's long-arm statute does not provide a basis for personal jurisdiction over Whiting.

Idaho's long-arm statute, Idaho Code section 5-514, provides for the exercise of personal jurisdiction over claims arising out of an out-of-state defendant's contacts with Idaho. *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 726, 152 P.3d 594, 597 (2007). Idaho Code section 5-514 provides, in relevant part, that

> Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> (a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business

3

purpose or objective or any part thereof of such person, firm, company, association or corporation;

(b) The commission of a tortious act within this state;

The exercise of personal jurisdiction over out-of-state defendants who do any of the acts enumerated in Idaho Code section 5-514 extends only "as to any cause of action arising from the doing of any of said acts." *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 75, 803 P.2d 978, 981 (1990).

Gailey asserts the district court erred when the court held it could not exercise jurisdiction over Whiting under Idaho's long-arm statute and argues that the court could have exercised personal jurisdiction over Whiting in two ways. First, Gailey argues that the court could have exercised personal jurisdiction over Whiting under the "transacting business" prong of Idaho's long-arm statute. Second, Gailey argues the district court could have exercised personal jurisdiction over Whiting under the "tort" prong of Idaho's long-arm statute. We will address each in turn.

1. The district court could not exercise personal jurisdiction over Whiting under Idaho Code section 5-514(a)'s "transacting business" prong.

Gailey argues the district court could have exercised personal jurisdiction over Whiting under Idaho Code section 5-514(a) because Whiting sold insurance in Idaho and initiated and maintained a long-term business relationship with Gailey while he was in Idaho. Gailey contends it is irrelevant that Whiting sold the life insurance to him seventeen years prior to the initiation of this suit. He further argues it is irrelevant that Whiting gave the bad advice from Hawaii because the bad advice arose out of the initial contract between the two parties. Finally, Gailey contends that Whiting continued to operate his business in Boise remotely from Hawaii, and points to the fact that Whiting is still listed on the internet as having an office in Boise and continued to use the telephone number with a two-zero-eight area code to communicate with Gailey when he gave the bad advice. Based on these facts, Gailey argues the district court could have exercised personal jurisdiction over Whiting under Idaho Code section 5-514(a).

Idaho Code section 5-514(a) defines transacting business as "the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation." Personal jurisdiction under Idaho's long-arm statute extends only as to any cause of action arising from the acts enumerated in the statute. Indeed, "[i]t is not just any

4

contacts by the defendant with Idaho that will sustain the exercise of specific personal jurisdiction, but only those out of which the suit arises or those that relate to the suit." *Houghland Farms*, 119 Idaho at 75, 803 P.2d at 981.

The district court held that although it was a close call, the negligence alleged against Whiting did not "arise from" Whiting's transaction of a business for profit in Idaho. The district court reasoned that Whiting's advice was "only tangentially related to the sale of the policy" and that the advice "was not the 'doing of an[] act for the purpose of realizing pecuniary benefit' in Idaho, since it was given to a person located in Oregon by a person located in Hawaii." The district court did acknowledge that but for Whiting's transaction of a business for profit in Idaho in 1994, the allegedly negligent advice would not have been given from Hawaii in 2011. However, the district court stated that just because Whiting's advice concerned the insurance policy sold in 1994, it did not necessarily indicate that the tort cause of action "arose from" the sale of the policy. Therefore, the district court held that it could not exercise personal jurisdiction over Whiting under Idaho Code section 5-514(a). We agree.

Gailey only alleged a tort cause of action in his complaint. He did not base his claim on deficiencies in the life insurance policy or any other contractual claims; he merely focused on Whiting's alleged negligent advice. As the district court correctly pointed out, Idaho Code section 5-514(a) is typically associated with actions arising in contract. Furthermore, when Whiting gave the alleged bad advice, he was not "doing [] an[] act for the purpose of realizing pecuniary benefit" in Idaho: Whiting gave the advice to an individual in Oregon while he was in Hawaii. We agree with the district court that this advice was only tangentially related to the sale of the policy that occurred over seventeen years ago. Therefore, we agree with the district court that "in considering various facts and circumstances particular to this case, [] the transactions here are properly viewed as distinct business activities and the latter transaction from which the plaintiff's sole cause of action arose simply did not occur in this state as required under section 5-514(a)." We are unwilling to extend section 5-514(a)'s reach to tort causes of action when the cause of action is only tangentially related to the out-of-state defendant's doing of business in Idaho. Therefore, we hold that the district court correctly determined it could not exercise personal jurisdiction over Whiting under Idaho Code section 5-514(a).

2. The district court could not exercise personal jurisdiction over Whiting under Idaho Code section 5-514(b)'s "tort" prong.

Gailey also argues that Whiting availed himself of Idaho's jurisdiction by committing a tortious act in Idaho. Citing to *Blimka*, Gailey contends that even though Whiting committed his tortious act while he was physically present in Hawaii, the effects of the tortious act were felt in Idaho and therefore should be characterized as occurring in Idaho.

Idaho's long-arm statute extends jurisdiction to "[t]he commission of a tortious act within this state." I.C. § 5-514(b). This Court has held that "an allegation that an injury has occurred in Idaho in a tortious manner is sufficient to invoke the tortious act language of I.C. § 5-514(b)." *St. Alphonsus Reg'l Med. Ctr. v. State of Wash.*, 123 Idaho 739, 743, 852 P.2d 481, 495 (1993).

The district court held that Idaho Code section 5-514(b) could not supply a basis for personal jurisdiction in this case because Gailey and Whiting were not residents of Idaho or physically present in Idaho when the allegedly tortious act occurred. The district court was also unconvinced that the alleged tort should be viewed as having been committed in Idaho because its "effects" were felt in Idaho. The court distinguished *Blimka* on the basis that the "effects" test came in relation to this Court's due process analysis rather than its analysis of Idaho's long-arm statute. The court reasoned that even if the "effects test" applied in this case, the effect of the alleged tort—increased tax payments to Oregon and the federal government—were experienced in or purposefully directed at Oregon, not Idaho. Consequently, the district court held that it could not exercise personal jurisdiction over Whiting under Idaho Code section 5-514(b). We agree with the district court's analysis.

Gailey's reliance on *Blimka* is indeed misplaced. Not only was the "effects test" unrelated to this Court's analysis of Idaho Code section 5-514(b)'s tortious acts language, but the plaintiff in that case was from Idaho, which is a further distinction from the facts in this case. *See Blimka*, 143 Idaho at 728, 152 P.3d at 599. Therefore, *Blimka's* "effects test" does not apply here. Even if it did, the facts in this case do not support finding that the effects of the bad advice were felt in Idaho. Instead, the effects of the advice are more appropriately characterized as being felt in Oregon. Indeed, Gailey alleged in his complaint that he suffered negative federal and state tax consequences from the advice, the effects of which would have been felt in Oregon where Gailey is a citizen, pays taxes, and presumably has a bank account. Gailey does not articulate facts, nor are there any in the record to suggest that the effects of the advice were felt in Idaho. Thus, Gailey's argument that the "effects" of the tort were felt in Idaho falls short.

Further, Whiting committed the allegedly tortious act of giving bad advice in Hawaii, not in Idaho. Because Whiting did not commit the alleged tort in Idaho, there is no basis in this case over which the district court could have exercised personal jurisdiction over Whiting under Idaho Code section 5-514(b). Because we hold that the district court correctly determined it could not exercise personal jurisdiction over Whiting under either provision of Idaho's long-arm statute, we do not reach the due process analysis.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's decision dismissing Gailey's claims for lack of personal jurisdiction. Costs to Whiting.

Justices EISMANN, J. JONES, HORTON and WALTERS, J., Pro tem, **CONCUR.**