# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43086

|  |  |
|---|---|
| LORI ANN WILSON, f/k/a LORI ANN KING, ) ) ) | Boise, May 2016 Term |
|     Petitioner-Appellant, ) ) | 2016 Opinion No. 62 |
|     v. ) ) | Filed: June 1, 2016 |
| DAVID WAYNE KING, ) ) | Stephen W. Kenyon, Clerk |
|     Respondent. ) ) |  |
| _____ ) |  |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

The order of the district court is <u>affirmed</u>.

Edwin L. Litteneker, Lewiston, for appellant.

Clark and Feeney, LLP, Lewiston, for respondent.

_____

J. JONES, Chief Justice

Appellant Lori Ann Wilson was divorced from respondent David Wayne King in Colorado in 2003. The divorce decree specified that Wilson was entitled to part of King's military pension. King began receiving military pension payments in 2013 but has not paid Wilson her decreed share of those payments. Wilson sued King in Idaho, seeking an order establishing the sum certain owed to her from King's military pension. King, who does not live in Idaho, opposed Wilson's motion by asserting that Idaho courts lack personal jurisdiction over him. The magistrate court held that it had personal jurisdiction over King and entered an order establishing the sum certain owed. King appealed, and the district court reversed. Wilson appealed to this Court.

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

Wilson was divorced from King in Colorado in May 2003. The decree provided that Wilson was entitled to half of the marital portion of King's military pension. It also provided for joint custody of the parties' minor children, with Wilson serving as the primary caregiver.

Wilson relocated with the children to Idaho. In November 2005, King registered the Colorado divorce decree with the Idaho courts as a "child custody determination issued by a court of another state" under Idaho Code section 32-11-305. On the same day, King filed a motion seeking to modify the divorce decree with respect to child custody and child support. In December 2005, King sought a Temporary Restraining Order ("TRO") prohibiting Wilson from relocating with the children outside of Idaho. He also asked the court to appoint a custody evaluator. The parties filed a Stipulation for TRO, after which the magistrate entered a TRO.

In May 2006, the parties filed a stipulation to modify the Colorado divorce decree with respect to visitation. The magistrate entered an order modifying visitation in May 2006.

In January 2008, King moved for a contempt charge against Wilson based on her alleged failure to comply with the modified visitation schedule. The magistrate ordered Wilson to appear to answer contempt charges, but the record does not disclose whether Wilson appeared or what disposition may have been made of the contempt charge.

In February 2008, the parties filed a stipulation to modify the divorce decree with respect to custody and visitation. The magistrate entered an order modifying the divorce decree. The magistrate again modified the divorce decree in May 2008, based on the parties' stipulation.

In July 2013, King moved to modify child support. The record does not disclose the disposition of this motion. An affidavit King filed in support of the motion indicated that King would retire from the military on October 1, 2013. Wilson now alleges that King retired in December 2013. King does not dispute his retirement date.

Wilson filed a "Motion For Entry Of Partial Judgmen [sic] For Sum Certain" and supporting affidavit on June 9, 2014. King filed an "Objection To Motion For Entry Of Partial Judgment For Sum Certain" on July 25, 2014. King argued that he was not subject to personal jurisdiction in Idaho. After two hearings on that issue, the magistrate concluded that King was subject to personal jurisdiction. In September 2014, the magistrate entered an order granting Wilson's motion for entry of partial judgment for a sum certain.

King timely appealed to the district court. At the district court, King renewed his argument that he was not subject to personal jurisdiction in Idaho. King also argued that Idaho courts lack subject matter jurisdiction to divide his military retirement without his consent because he is not a resident of Idaho. The district court reversed the magistrate's order granting partial judgment for a sum certain. The district court held that King's participation in child custody and child support proceedings in Idaho did not subject him to the personal jurisdiction of Idaho courts for issues related to the parties' division of property as a result of their divorce. The district court did not address King's argument on subject matter jurisdiction. Wilson timely appealed to this Court.

King presently lives in Wisconsin. He has never lived in Idaho. It is undisputed that his only contacts with Idaho have been related to the present litigation, including the child custody and child support proceedings described above, which were all conducted under the same caption and case number.

## II.
## ISSUES PRESENTED ON APPEAL

1. Whether the district court erred in concluding King was not subject to personal jurisdiction.
2. Whether either party is entitled to attorney fees on appeal.

## III.
## STANDARD OF REVIEW

"The question of the existence of personal jurisdiction over an out-of-state defendant is one of law, which this Court reviews freely." *Gailey v. Whiting*, 157 Idaho 727, 729, 339 P.3d 1131, 1133 (2014) (quoting *McAnally v. Bonjac, Inc.*, 137 Idaho 488, 491, 50 P.3d 983, 986 (2002)).

## IV.
## ANALYSIS

**A. The district court did not err in holding that King has not subjected himself to personal jurisdiction in Idaho courts beyond matters of child custody and child support.**

"There are two requirements for an Idaho court to properly exercise jurisdiction over an out-of-state defendant: (1) the act giving rise to the cause of action must fall within the scope of Idaho's long-arm statute, Idaho Code section 5–514; and (2) jurisdiction must not violate the out-of-state defendant's due process rights." *Gailey*, 157 Idaho at 730, 339 P.3d at 1134. Broadly, Section 5-514 provides that statutory personal jurisdiction exists where a person's actions within

Idaho involve transacting business; committing a tortious act; owning, using, or possessing real property; maintaining a matrimonial domicile; or engaging in an act of sexual intercourse giving rise to a cause of action for paternity.

Wilson asserts that the exercise of personal jurisdiction over King is consistent with the application of the Idaho Long Arm Statute. However, Wilson fails to articulate which alleged conduct by King satisfies any particular subsection of Section 5-514. Regardless, whether the Long Arm Statute is satisfied is irrelevant because even if Wilson had established that King's actions within Idaho satisfied Section 5-514, statutory exemptions preclude a finding of personal jurisdiction. Idaho Code section 32-11-109(a), within the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"), provides in relevant part:

> A party to a child custody proceeding, including a modification proceeding, or a petitioner or respondent in a proceeding to enforce or register a child custody determination, is not subject to personal jurisdiction in this state for another proceeding or purpose solely by reason of having participated, or of having been physically present for the purpose of participating, in the proceeding.

A similar exemption is provided within the Uniform Interstate Family Support Act ("UIFSA"), chapter 10, title 7, Idaho Code. Section 7-1053 allows Idaho to modify another state's child support order under certain circumstances. Section 7-1029(1) provides in relevant part that

> Participation by a petitioner in a proceeding under this chapter before a responding tribunal, whether in person, by private attorney, or through services provided by the support enforcement agency, does not confer personal jurisdiction over the petitioner in another proceeding.

There is no dispute that Idaho had jurisdiction to modify and enforce King's support order.

The limited statutory immunities to personal jurisdiction provided in UCCJEA and UIFSA exist to protect out-of-state parents from waiving personal jurisdiction objections by appearing in proceedings related to the custody or support of their children. The comments to UCCJEA note that "a party should not be placed in the dilemma of choosing between seeking custody or protecting a right not to be subject to a monetary judgment by a court with no other relationship to the party." UCCJEA § 109 cmt. ¶ 1 (1997). The comments to UIFSA include a similar statement. "In sum, proceedings under UIFSA are not suitable vehicles for the relitigation of all of the issues arising out of a foreign divorce or custody case. Only enforcement or modification of the support portion of such decrees or orders are relevant." UIFSA § 314 cmt. ¶ 1 (2008).

4

These comments to the uniform laws show that defendants like King, who originally brought suit in Idaho only to address child custody and support issues, are precisely who the immunities were created to protect. Indeed, because of the "continuing, exclusive jurisdiction" provisions within UCCJEA and UIFSA, Idaho appears to be the only forum where King could sue to enforce or modify custody or support. *See* I.C. §§ 32-11-201, -202, -203; I.C. §§ 7-1009, 7-1010.

Wilson offers a host of arguments asserting that the statutory exemptions in UCCJEA and UIFSA do not apply. First, Wilson asserts that UCCJEA distinguishes between enforcement and modification of a foreign judgment, apparently intending to suggest that the personal jurisdiction exemption applies only to enforcement actions. This argument fails because by its plain language Idaho Code section 32-11-109 applies to any "child custody proceeding, including a modification proceeding." Wilson makes an identical argument with respect to child support. This argument likewise fails under the plain language of the governing statute. Idaho Code section 7-1029 provides that a petitioner is not subject to personal jurisdiction in other proceedings based on "[p]articipation" in a proceeding under UIFSA. The statute makes no distinction between enforcement and modification proceedings, and its plain language is broad enough to encompass both.

Wilson additionally argues that King has asked Idaho courts to address issues beyond child custody or child support. Specifically, Wilson argues that King used the Idaho courts in seeking enforcement of monetary obligations unrelated to the custody of the parties' children. These include requiring the children to be evaluated by a particular Idaho psychologist and dividing transportation expenses for the children's travel. The district court found that these matters of counseling, transportation, and other monetary obligations are all part of the ongoing child custody and support case.

A child custody proceeding is a proceeding "in which legal custody, physical custody or visitation with respect to a child is an issue." I.C. § 32-11-102(d). "'Physical custody' means the physical care and supervision of a child." I.C. § 32-11-102(o). A common sense interpretation of this definition suggests that travel and counseling are related to physical care and supervision. Wilson's argument lacks reasoning or authority supporting her position that such matters are unrelated to child custody. We agree with the district court's determination that these issues were related to the child custody proceedings.

Wilson also expressly refers to a term of King's 2012 stipulation requiring each parent to refrain from disparaging the other. Wilson frames this as a "personal conduct consideration" that is unrelated to custody or support. The complete language in the relevant part of the order provided that "[n]either parent will disparage the other parent or discuss the living arrangements with the children." On its face this appears to relate to "the physical care and supervision" of the children because it impacts how each parent may interact with the children. This means that the limitation deals with custody and, therefore, the UCCJEA exemption on personal jurisdiction applies. Additionally, even if the non-disparagement clause were deemed not to deal with custody, it was still litigated in a proceeding "in which legal custody, physical custody or visitation with respect to a child is an issue." I.C. § 32-11-102(d); It was, therefore, a child custody proceeding and the UCCJEA exemption applies for that additional reason.

Next, Wilson appears to suggest that King's motion to charge Wilson with contempt was outside the UCCJEA and UIFSA exemptions and sufficed to subject him to the personal jurisdiction of Idaho courts. King sought a contempt charge for Wilson's alleged violations of various aspects of the child custody and visitation requirements, including failure to allow scheduled telephone calls between King and the children, failure to take the children to counseling, failure to provide King e-mail updates about the children, failure to notify King of medical and dental visits, and use of the children as intercessors in discussing or handling conflicts between the parties. It is self-evident that the contempt motion was a "child custody proceeding" under Idaho Code section 32-11-102(d) because it was "a proceeding in which legal custody, physical custody or visitation with respect to a child is an issue." King's apparent purpose in seeking the contempt charge was to compel Wilson to comply with a standing order addressing child custody. Accordingly, section 32-11-09(a) of the UCCJEA applies to exempt King from personal jurisdiction on the basis of having sought the contempt charge.

Similarly, King's December 2005 Motion for TRO requested that the court order Wilson not to remove the parties' children from the state of Idaho for a time to exceed two weeks. The magistrate issued a TRO in January 2006 to that effect, based upon the parties' stipulation. As with the contempt motion, the TRO motion was a "child custody proceeding" because it was "a proceeding in which legal custody, physical custody or visitation with respect to a child is an issue." The TRO directly addressed Wilson's custody rights by limiting her ability to move with

6

the children outside the state of Idaho. Again, section 32-11-09(a) of the UCCJEA exempts King from a finding of personal jurisdiction on the basis of having brought the TRO motion.

Finally, Wilson appears to argue that King submitted to personal jurisdiction under I.R.C.P. 4(i)(1) by voluntarily appearing in various proceedings before Idaho courts. Wilson fails to cite from the record a specific instance in this proceeding or any other proceeding where King's voluntary appearance could constitute a submission to the personal jurisdiction of Idaho courts. The Record of Actions appears to indicate that King filed a Notice of Special Appearance on April 29, 2014, but it does not indicate any other Notices of Appearance by King, voluntary or otherwise. A properly-filed special appearance under I.R.C.P. 4(i)(2) does not constitute a submission to the personal jurisdiction of the Idaho courts.

Because a finding of personal jurisdiction is precluded by the exceptions within UCCJEA and UIFSA, an analysis of whether exercising personal jurisdiction over King would satisfy constitutional due process requirements is unnecessary. Wilson's arguments on this point will, therefore, not be addressed. We affirm the district court's order holding that King is not subject to personal jurisdiction with respect to Wilson's motion.

**B. Neither party is entitled to attorney fees on appeal.**

Wilson seeks attorney fees on appeal under Idaho Code section 12-120(3) and section 12-121. King seeks attorney fees on appeal under Idaho Code section 12-121. Section 12-120(3) allows a prevailing party in a civil action to recover attorney fees "on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction." Section 12-121 allows a prevailing party in a civil action to recover attorney fees if the claim was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Coalition for Agriculture's Future v. Canyon Cnty.*, No. 42756, 2016 WL 1133369, at *6 (Idaho Mar. 23, 2016). Wilson is not the prevailing party and therefore cannot recover fees on appeal under the sections cited. King is the prevailing party, but we decline to award him fees on appeal because Wilson's arguments were not frivolous, unreasonable, or without foundation.

## V.
## CONCLUSION

We affirm the district court's order reversing the magistrate's partial judgment establishing a sum certain. We award costs but not fees to King.

Justices EISMANN, BURDICK, and W. JONES, and Justice Pro Tem SCHROEDER CONCUR.